ROBERT SCALA, Respondent, v. ROBERT E. FULLER et al., Appellants, et al., Defendant.— In a negligence action to recover damages for personal injuries, two defendants, Robert E. Fuller and Carleton G. Whitaker, Inc., appeal, as limited by their briefs, from so much of an order of the Supreme Court, Kings County, dated January 26, 1972, as, upon reargument, denied their motion to dismiss the action for failure to serve a complaint, granted plaintiff's cross motion to open his default and to permit him to serve a complaint, and permitted plaintiff to serve a complaint within a specified time. Order reversed insofar as appealed from, without costs, appellants' motion to dismiss the action granted, and plaintiff's cross motion denied. As a result of an accident which occurred on November 6, 1966, a summons was served on appellants on May 15, 1968; their notice of appearance and demand for the service of a complaint was served on July 2, 1968. The parties entered into a stipulation in June, 1969, which added another defendant. The latter has never been served. In October, 1971 appellants moved to dismiss the action for failure to serve a complaint, 39 months after the notice of appearance and demand for a complaint and 28 months after the stipulation. Prerequisite to the consideration of an excuse based upon law office failure is the necessity of showing a meritorious cause of action. The instant fact pattern fails to demonstrate a prima facie showing of appellants' negligence when plaintiff's vehicle was proceeding eastbound on the westbound side of a divided highway. This circumstance alone would warrant dismissal, but in addition no acceptable justification has been offered for the very inordinate delay. Accordingly, we think it was an improvident exercise of discretion for Special Term to have denied appellants' motion to dismiss the action and to have granted plaintiff's cross motion. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.